

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-25-2005

# USA v. Barbour

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3523

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Barbour" (2005). *2005 Decisions.* Paper 1138.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1138

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

petitioned for a writ of certiorari. On January 24, 2005, the Supreme Court granted the petition, vacated our judgment, and remanded for further consideration in light of *United States v. Booker*, 543 U.S. ___, 125 S. Ct. 738 (2005). We will remand to the District Court for resentencing.

It goes without saying that the District Court, at the time it sentenced Barbour, did not have the benefit of the Supreme Court's opinion in *Booker*, which held that the United States Sentencing Guidelines are advisory and no longer mandatory. Given that Barbour was sentenced under a then mandatory Guidelines regime, and given that the record does not clearly indicate that the District Court would have imposed the same sentence under an advisory regime, we will vacate the sentence and remand for resentencing in accordance with *Booker*. *See United States v. Davis*, 407 F.3d 162 (3d Cir. 2005) (en banc).

We express no opinion as to the appropriate sentence to be imposed on remand, and note only that the District Court should consider the sentencing factors set forth in 18 U.S.C. § 3553(a).

thereafter petitioned for a writ of certiorari. On January 24, 2005, the Supreme Court entered an order granting certiorari, vacating the judgment, and remanding the case to this Court for further consideration in light of United States v. Booker, 543 U.S. ___, 125 S.Ct. 738 (2005).

Having determined that the sentencing issues appellant raises are best determined by the District Court in the first instance, we will remand to the District Court for resentencing in accordance with Booker. Appellant raises no challenge to his conviction and we will, again, affirm the judgment of conviction.